IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEFINA REYNA,<br><br>       Plaintiff,<br><br><br><br>         vs.<br><br><br>AMERICAN MACHINE & FOUNDRY<br>COMPANY; AMF MACHINERY; AMF<br>BAKERY SYSTEMS,<br><br>       Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANT<br>AMF MACHINERY'S MOTION FOR<br>SUMMARY JUDGMENT<br><br><br><br><br>Case No. 2:08-CV-297 TS |

This matter comes before the Court on Defendant AMF Machinery's[1] ("Machinery")

Motion for Summary Judgment.  Plaintiff has failed to respond and the time for doing so has

passed.[2]  Defendant claims that Plaintiff's claims are barred by Utah Code Ann. § 16-10a-1407

as Machinery has been dissolved for more than seven years.  Additionally, Defendant claims that

Plaintiff cannot establish a prima facie case against Machinery because it did not design,

---

[1]Defendant AMF Machinery represents that its proper name is AMF Machinery Systems, Inc. d/b/a AMF Bakery Systems and that it has been erroneously sued as AMF Machinery.

[2]*See* DUCivR 7-1(b)(4)(A) (providing that a memorandum opposing a motion for summary judgment must be filed within thirty (30) days after service of the motion).

1

manufacture, or sell the machine at issue.  For the reasons discussed below, the Court finds that Plaintiff's claims are barred.  Therefore, the Court will grant the Motion.

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[3]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[4]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[5]

> If the nonmoving party fails to respond, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law.  If it has not, summary judgment is not appropriate, for "[n]o defense to an insufficient showing is required."[6]

## II.  BACKGROUND

Plaintiff's Complaint arises out of an alleged workplace injury sustained by Plaintiff. Plaintiff claims that she was injured while trying to dislodge a loaf of bread from an "AMF

---

[3]*See* Fed. R. Civ. P. 56(c).

[4]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[5]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[6]*Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160-61 (1970)).

Micro Band Slice-Master" bread slicing machine.  Plaintiff's Complaint asserts causes of action for negligence, breach of warranty, and strict products liability.

Machinery was formerly known as Automated Machinery Systems, Inc. ("Automated"). Automated was formed in 1985 as a Virginia Corporation.  Automated later changed its name to AMF Machinery Systems, Inc.[7]  Automated/Machinery operated as a bakery equipment manufacturer between 1986 and 1996, when it was merged into The Ben Hogan Company, then a Virginia Corporation.  The Ben Hogan Company was officially dissolved under the laws of the State of Virginia on September 9, 1998.

## III.  DISCUSSION

Defendant's Motion relies on Utah's corporate survival statute.  That statute states, in pertinent part:

> If a dissolved corporation does not publish a newspaper notice in accordance with Subsection (2), then unless sooner barred under Section 16-10a-1406 or under any other statute limiting actions, the claim of any claimant against the dissolved corporation is barred unless the claimant commences an action to enforce the claim against the dissolved corporation within seven years after the date the corporation was dissolved.[8]

Under this statute, Plaintiff must bring her claims within seven years after the date that Defendant was dissolved or her claims are barred.  Here, the undisputed evidence shows that Defendant was fully dissolved by September 9, 1998.  Thus, Plaintiff would have needed to bring her claims by September 9, 2005.  Plaintiff did not file her Complaint until April 18, 2008. Thus, her claims against Defendant is barred by Section 16-10a-1407.  As a result of this

---

[7]For clarification, Automated and Machinery will be referred to collectively as Automated/Machinery.

[8]Utah Code Ann. § 16-10a-1407.

conclusion, the Court need not reach Defendant's other arguments in support of summary judgment.

### IV.  CONCLUSION

It is therefore

ORDERED that Defendant AMF Machinery's Motion for Summary Judgment (Docket No. 16) is GRANTED.

DATED   May 11, 2009.

BY THE COURT:

_____

TED STEWART
United States District Judge

4