IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSEPHINA REYNA,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN MACHINE & FOUNDRY COMPANY; AMF MACHINERY; AMF BAKERY SYSTEMS,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE SUMMARY JUDGMENT<br><br><br>Case No. 2:08-CV-297 TS |

This matter is before the Court on Plaintiff's Motion to Set Aside Summary Judgment. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiff filed the Complaint in this matter on April 18, 2008. Defendant AMF Machinery filed its Motion for Summary Judgment on March 23, 2009. Plaintiff did not respond to that Motion. On May 11, 2009, the Court issued an Order granting Defendant AMF Machinery's Motion for Summary Judgment. Plaintiff now seeks to set aside the Court's May 11, 2009 Order. Plaintiff states that she did not respond to Defendant AMF Machinery's Motion for Summary Judgment because she had an open extension of time to respond to that Motion, a

fact not made known to the Court.[1]  Defendant AMF Machinery acknowledges that it had agreed to grant Plaintiff an open extension of time, but opposes Defendant's Motion to Set Aside.

## II.  DISCUSSION

Plaintiff's Motion does not state under which rule she seeks relief.  The Federal Rules of Civil Procedure "allow a litigant subject to an adverse judgment to either file a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)."[2]  The Court will consider Plaintiff's Motion under both rules.

Fed.R.Civ.P. 59(e) allows for a motion to reconsider in the following circumstances: (1) an intervening change in the controlling law, (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence, or (3) the need to correct clear error or prevent manifest injustice.[3]  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[4]  Plaintiff has not asserted that any of these circumstances are present here.  Therefore, the Court will deny the Motion under Rule 59(e).

Rule 60(b) permits the Court to relieve a party from an order because of mistake, inadvertence, surprise, or excusable neglect, or any other reason that justifies relief.[5]  Rule 60(b)

---

[1]*See* DUCivR 83-6 ("No stipulation between the parties . . . affecting the course or conduct of any civil proceeding will be effective until approved by the court.").

[2]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[3]*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4]*Id*.

[5]Fed.R.Civ.P. 60(b)(1), (6).

is an extraordinary remedy and should be granted only in exceptional circumstances.[6]

"[T]he 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where:(1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order."[7] "If the mistake alleged is a party's litigation mistake, [courts] have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party."[8]

Applying these principles, the Tenth Circuit has held that a defendant failed to show "mistake" for the purposes of Rule 60(b)(1) when the defendant failed to file an answer because he mistakenly believed that further proceedings against him had been stayed.[9] Similarly, the Tenth Circuit has held that failure to file supporting documents in response to a summary judgment motion was not an "excusable litigation mistake" for purposes of Rule 60(b)(1).[10]

The same conclusion is warranted here. This Court's rules state that a response to a motion for summary judgment must be filed within thirty (30) days after service of the motion or within such time as allowed by the Court.[11] The rules also state that failure to respond timely to

---

[6]*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996),

[7]*Id*.

[8]*Id*. at 577.

[9]*Otoe v. County Nat'l Bank v. W&P Trucking*, 754 F.2d 881, 883-84 (10th Cir. 1985).

[10]*Wright v. Hickman*, 36 Fed.Appx. 395, 400 (10th Cir. 2002).

[11]DUCivR 7-1(b)(4).

a motion may result in the Court granting the motion without further notice.[12] That rule is equally applicable to summary judgment motions.[13] It is undisputed that Plaintiff's counsel failed to file a response to Defendant's Motion for Summary Judgment and failed to file an extension of time. Plaintiff argues that counsel for both sides had agreed to extend Plaintiff's time to respond. However, Plaintiff failed to file a stipulated motion for extension of time as required by the rules of this Court.[14] Plaintiff has provided no reason for that failure. The Court cannot find that counsel's failure to respond or seek an extension of time constitutes an excusable litigation mistake for the purposes of Rule 60(b).

"[F]or purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which failure to comply with a . . . deadline is attributable to negligence."[15] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[16] Relevant factors include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[17] "['F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is

---

[12] DUCivR 7-1(d).

[13] DUCivR 56-1(f).

[14] DUCivR 83-6.

[15] *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 394 (1993).

[16] *Id.* at 395.

[17] *Id.*

excusable.'"[18]  "An additional consideration is whether the moving party's underlying claim is meritorious."[19]

Considering these factors, the Court finds that Plaintiff has failed to show excusable neglect.  Defendant AMF Machinery filed its Motion for Summary Judgment on March 23, 2009.  Plaintiff failed to timely respond to that Motion and failed to file a motion to extend the time to respond to that Motion.  While Plaintiff may have received a stipulation from Defendant's counsel that she could file her response at a later date, that stipulation was never filed with the Court as required by the local rule.  The Court cannot consider this to be excusable neglect.  This conclusion is in accord with a number of courts that have held that the failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect.[20]  Further, Plaintiff has failed to make any showing that her underlying claims are meritorious or that the Court's Order on summary judgment was somehow incorrect.

Rule 60(b)(6) is a catchall provision, allowing relief from judgment for "any other reason justifying relief from the operation of the judgment."  "Rule 60(b)(6) relief is even more difficult to attain and is appropriate only when it offends justice to deny such relief."[21]  Plaintiff has not met her burden under Rule 60(b)(6).

---

[18]*United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

[19]*Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir. 2005).

[20]*See Kendall v. Hoover*, 751 F.2d 171, 175 (6th Cir. 1984) (collecting cases).

[21]*Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (citation and quotations omitted).

III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Set Aside Summary Judgment (Docket No. 25) is DENIED.

DATED   July 30, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge